AO 91 (Rev. 5/85) Criminal Complaint   AUSA SCOTT BEHNKE   SA DRUMMOND/FBI

# United States District Court

SOUTHERN **DISTRICT OF** FLORIDA

FILED by
SEP 13 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA

V.

**CRIMINAL COMPLAINT**

RICARDO LINARES,
ANGEL DONADO GARCIA, and
ANDREA GARCIA DARRIOS

CASE NUMBER: 02-4215-SNOW

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about September 12, 2002 in Broward County county, in the Southern District of Florida defendant(s) did, (Track Statutory Language of Offense)

knowingly possess with the intent to distribute at least 5 kilograms of cocaine

in violation of Title 21 United States Code, Section(s) 841(a)(1);841(b)(1)(A)

I further state that I am a(n) Special Agent /FBI and that this complaint is based on the following
                                  Official Title
facts:

Continued on the attached sheet and made a part hereof:  [✓] Yes   [ ] No

Sworn to before me and subscribed in my presence,

                                                        Signature of Complainant
                                                        THOMAS W. DRUMMOND
                                                        SA/FBI

Sept. 13, 2002                    at      Fort Lauderdale, Florida
Date                                        City and State

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer             Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## **AFFIDAVIT**

I, Thomas W. Drummond, being duly sworn, does hereby depose and say as follows:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI), and have been so employed for approximately four (4) years. I am assigned to a Drug Squad in the FBI Miami Field Division. Prior to becoming an FBI agent, I served as a deputy prosecutor in the State of Indiana. Prior to that I served four years in the United States Marine Corps after graduating from high school.

2. The facts contained herein are based on my personal knowledge or knowledge provided to me by other law enforcement agents or other credible sources of information. This Affidavit is only to provide probable cause for the complaint and arrest warrant of RICARDO LINARES, ANGEL DONADO GARCIA and ANDREA GARCIA-DARRIOS and, as such, does not contain all of the information known to me regarding this investigation.

3. On August 12, 2002 at approximately 3:30 p.m., Broward Sheriff's officer Matthew Baldwin stopped a white Honda CRV for failing to stop at a stop sign located at the 500 block of 136th Avenue in Pembroke Pines, Florida. Upon approaching the vehicle, the officer asked the driver to produce his driver's license and registration. The driver, identified as RICARDO LINARES, retrieved his Florida driver's license but was unable to locate a registration. The officer noticed approximately 12 U-Haul cardboard boxes wrapped with duct tape and stacked in plain view in the back and front seats of the vehicle, and the officer asked the subject if the he (LINARES) was in the process of moving, to which the subject responded affirmatively.

4. As the subject continued to look for his registration, the officer observed the subject becoming increasingly nervous. The officer observed the subject's hands shake almost uncontrollably and the subject started to sweat profusely. Officer Baldwin asked the subject where he (LINARES) was going and where he (LINARES) had come from. The subject stated that he had come from a house located 12905 NW 23rd Street in Pembroke Pines and stated that he was going to his apartment which the subject pointed to and was approximately 100 yards from where his vehicle was stopped. Officer Baldwin then asked the subject if he minded if he searched the vehicle. LINARES responded that he didn't mind if the officer searched the vehicle, the vehicle didn't belong to him (LINARES), but belonged to a friend.

5. Officer Baldwin summoned the services of a narcotics detection dog handler BSO Detective Ted Taranu to conduct a "drug sweep" of the vehicle. The narcotics detection canine, "Chevy" immediately alerted to the vehicle indicating the presence of a narcotic substance inside the subject vehicle.

6. Officer Baldwin then advised the subject that the dog had detected the presence of drugs inside the vehicle and asked the subject whether he had any drugs in the vehicle. LINARES admitted that the cardboard boxes contained cocaine. A search of the vehicle revealed that approximately 300 kilograms of a white powdery substance which appeared to be cocaine were contained inside the cardboard boxes.

7. At the request of the officers, LINARES consented to the search of his apartment which was located at 13590 NW 5th Court, #104 in Pembroke Pines, Florida. Found inside his apartment was one U-Haul box which was identical to the other 12 boxes retrieved from the subjects vehicle. Inside the cardboard box officers found 13

kilogram sized packages which contained a white powdery substance believed to be cocaine. The substance field tested positive for the presence of cocaine.

8. Detectives drove to 12905 NW 23rd Street in Pembroke Pines, the address previously described by LINARES as referred to in paragraph 4, above. As the detectives approached the residence, they observed a white female, later identified as ANDREA GARCIA-DARRIOS leave the subject residence and walk on the public sidewalk away from the house. The female was approached by detectives and asked if she lived at the subject residence. At first she denied any association with the house, until detectives advised her that they observed her leave the subject residence. DARRIOS had no identification on her person and indicated that her ID's were inside the subject residence.

9. Detectives escorted DARRIOS back to the house where she knocked on the door and a male, later identified as ANGEL DONADO GARCIA answered the door. Neither, GARCIA-DARRIOS or DENADO GARCIA could produce any identification and admitted that they were citizens of Colombia and in the United States illegally. Both subjects indicated that they had lived at the subject residence for about four (4) months and were paying rent. Both were asked permission to search the subject residence and both consented to a search of the premises.

10. Found inside one bedroom in the home were 36 U-Haul boxes identical to the U-Haul boxes retrieved from the subject vehicle and subject apartment. In another bedroom, detectives discovered 16 of the same type boxes. One of the boxes was opened and found to contain approximately 25 kilogram packages of a white powdery substance inside, believed to be cocaine. A field test on one of the packages tested

positive for the presence of cocaine.  Agents estimate the amount of cocaine seized from the subject residence to be approximately 1,350 kilograms of cocaine.

11. Based on the above information, your affiant believes there is probable cause that RICARDO LINARES, ANGEL DONADO GARCIA and ANDREA GARCIA-DARRIOS did possess with intent to distribute 5 kilograms or more of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

FURTHER YOUR AFFIANT SAYETH NAUGHT

Thomas W. Drummond, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before
me this 13th day of September, 2002

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE